UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSE MENDES CORREIA

v.  C.A. NO. 08-352 S

DEPARTMENT OF HOMELAND SECURITY;
DONALD W. WYATT DETENTION

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge.

Plaintiff Jose Mendes Correia, *pro se,* is a detainee at the Donald W. Wyatt Detention Center in Central Falls, Rhode Island ("Wyatt"). Wyatt is a detention center operated by the Central Falls Detention Facility Corporation, a public corporation created by the city of Central Falls, Rhode Island pursuant to enabling legislation codified as Rhode Island General Law § 45-54-1 et seq. (1956, as amended 1991). On September 22, 2008, plaintiff filed with the Court a complaint (1) alleging that he was injured in October 2007 while detained in Alabama in the custody of the United States Immigration and Customs Enforcement Division of the Department of Homeland Security ("DHS"), (2) implying that he did not receive adequate medical treatment at the time of the injury, and (3) alleging that he is still not receiving adequate medical care (Docket # 1). Plaintiff names the Department of Homeland Security Interim Field Office, Hartford, Connecticut and Wyatt as defendants.

Presently before the Court is a motion plaintiff filed simultaneously with his complaint for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket #2). This matter has been referred to me for determination; however, upon screening plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this report and recommendation. For the reasons stated below, I recommend that plaintiff's

1

complaint be DISMISSED without prejudice to re-file and his motion to proceed *in forma pauperis* be DENIED at this time.

## BACKGROUND

The relevant facts as described by plaintiff in his complaint are as follows. On October 7, 2007, while in custody in Alabama on immigration proceedings, a fellow inmate threw a domino at plaintiff, and a piece of the domino became lodged in his left eye. Before he was taken for medical treatment, he lost vision in his eye. After 10 days, the Alabama jail took him to the hospital for treatment. He was then released from custody. After four months, he was re-arrested and eventually moved to his current address at Wyatt. Since his re-arrest, plaintiff has received no medical attention, his eye is getting worse, his face and head hurt and he has trouble sleeping. Plaintiff seeks money to pay for an eye operation as well as compensation for his pain and suffering.

## DISCUSSION

### I. Screening Under § 1915(e)(2)

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that:

> (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).[1]

Accordingly, in connection with his application to proceed *in forma pauperis*, I have reviewed the merits of plaintiff's complaint and have found that plaintiff's complaint, as currently written, fails to state a claim on which relief may be granted.

---

[1] Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b).

In determining if an action states a viable claim, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *United States v. AVX Corp.*, 962 F2d 108, 115 (1st Cir. 1992). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). When viewed in this manner, to state a claim, the pleading must contain factual allegations that "raise [plaintiff's] right to relief above the speculative level" and "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed.R.Civ.P. 8(a)(2).

Plaintiff presumably has brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* (2000), for damages allegedly caused by negligent behavior of federal agents in denying him medical treatment. Alternatively, if the inadequate medical care rose to the level of a constitutional violation, the complaint invokes *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971), and/or 42 U.S.C. § 1983 ("§ 1983").[2] To maintain a *Bivens* action, a plaintiff must set forth facts detailing a deprivation of a federally protected right done or caused by "a federal agent acting under color of his authority." 403 U.S. at 389. Similarly, in order to maintain a § 1983 action, the conduct complained of must (1) be committed by a person acting under color of state law and (2) have deprived the plaintiff of a constitutional or federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). For the reasons set forth below, plaintiff's complaint fails to state a viable claim under the FTCA, *Bivens* or § 1983.

---

[2] As DHS employees are federal agents, plaintiff's complaints against them fall under *Bivens*. However, with respect to his claims regarding employees at Wyatt, this Court, in recent years, has determined that complaints challenging conditions at Wyatt should be analyzed as § 1983 actions, *LaCedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 140-142 (D.R.I. 2004), or, alternatively, as *Bivens* actions, *Sarro v. Cornell Corrections, Inc.*, 248 F.Supp.2d 52, 58 (D.R.I. 2003).

I.  **DHS Is Not Amenable to FTCA or *Bivens* Action**

It is well established that neither an FTCA action nor a *Bivens* action can be brought against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475-476 & 484-486, 114 S.Ct. 996 (1994)(the United States, not the federal agency, is the proper defendant in an FTCA suit; *Bivens* actions must be brought against federal agents not federal agencies); *see also Ruiz-Rivera v. I.R.S.*, 93 Fed.Appx. 244, 245 (1st Cir 2004)(*Bivens* actions against federal agencies are barred); *F.D.I.C. v. diStefano*, 839 F.Supp. 110, 120 (D.R.I. 1993)("It is well settled that a claim under the FTCA must be brought against the United States rather than against an individual agency"). Accordingly, as DHS is a federal agency, plaintiff's allegations against DHS fail to state a claim on which relief can be granted, and I recommend that plaintiff's claims against DHS be DISMISSED.

II. **Wyatt Is Not a Legal Entity That Can Be Sued**

Wyatt is the name of a building and not a legal entity amenable to suit. *See Girard v. Donald W. Wyatt Detention Facility Inc.*, 50 Fed.Appx 5, 7 (1st Cir. 2002); *Sarro v. Cornell Corrections, Inc.*, 248 F.Supp.2d 52, 62 n. 2 (D.R.I. 2003); *LaCedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114 (D.R.I. 2004). Accordingly, plaintiff's claims against Wyatt fail to state a claim on which relief can be granted, and I recommend that plaintiff's claims against Wyatt be DISMISSED.

## CONCLUSION

Plaintiff's complaint, as currently written, fails to name any defendants amenable to suit under the FTCA, *Bivens* or § 1983, and, thus, fails to make claims on which relief may be granted. The proper defendant in an FTCA action is the United States (and FTCA claims can only be brought against the United States after a plaintiff follows various procedural steps, including presenting the claim to the appropriate federal agency and having the agency deny

such claim). Additionally, neither DHS nor Wyatt can be sued under *Bivens* or § 1983; plaintiff fails to name any specific person who caused the alleged inadequate medical treatment or state any facts connecting any defendant to such treatment, as required under *Bivens* or § 1983. Consequently, I recommend that plaintiff's action be DISMISSED without prejudice to re-file a rewritten complaint and plaintiff's motion to proceed *in forma pauperis* be DENIED at this time.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
December 9, 2008